**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30248 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00074-SI-1 |
| v. | |
| SPENCER ANTONIO TUGGLE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 8, 2016
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

**1.** Other than the Fifth Amendment problem discussed below, the district

court did not abuse its discretion by requiring Spencer Tuggle to (1) complete a

domestic violence evaluation, and (2) refrain from any contact with the mother of

his son not related to childcare or visitation. After considering the totality of the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

circumstances, the court reasonably found that these additional conditions would aid Tuggle's rehabilitation and help protect the public. The court did not impermissibly rely on unsubstantiated allegations in imposing these new conditions. *See United States v. Abbouchi*, 502 F.3d 850, 857–58 (9th Cir. 2007). The court based its decision on information collected by Tuggle's probation officer and Tuggle's own testimony at the revocation hearing, which established that, at the very least, Tuggle's relationship with his ex-girlfriend was sufficiently volatile to warrant the court's intervention.

**2.** Tuggle's Fifth Amendment challenge to the domestic violence evaluation requirement is ripe for review at this time. To complete a meaningful evaluation, Tuggle will necessarily be required to answer a number of potentially incriminating questions regarding any past history of domestic violence he may have. *See United States v. Streich*, 560 F.3d 926, 931–32 (9th Cir. 2009). The district court stated that it was "not ordering [Tuggle] to waive any of his constitutional rights." By so stating, the district court may have intended to provide Tuggle with immunity for any statements he makes during the course of the evaluation, to ensure that he can comply with the mandatory condition without risking either self-incrimination or revocation of his supervised release. *See United States v. Bahr*, 730 F.3d 963, 966–67 (9th Cir. 2013). However, because

the record is unclear on that score, we vacate the domestic violence evaluation requirement and remand to the district court for clarification. If the district court does not grant Tuggle immunity, he may not be punished for refusing to answer any questions posed during the course of the evaluation that present a real and appreciable risk of self-incrimination. *See United States v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005).

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**